UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DOMINGOS S. FERREIRA,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 06-CV-0163-CVE-SAJ |
| **TIM HARRIS, Tulsa County District Attorney,** in his official capacity; **CITY OF TULSA; WOODLAND VIEW CONGREGATION OF JEHOVAH'S WITNESSES;** by and through its trustees; **HARRY FENNELL,** Secretary and Trustee; **MARCUS HAUGE,** Trustee; and **BILLCOOPER,** Trustee, | ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This matter comes before the Court on plaintiff's claims against the District Attorney for Tulsa County, the City of Tulsa, plaintiff's church, and its trustees for alleged constitutional violations. Having reviewed plaintiff's complaint, the Court directs plaintiff to advise the Court whether he has formal legal training or received assistance from a licensed attorney in the drafting of his complaint and motion for preliminary injunction. See Duran v. Carris, 238 F.3d 1268, 1271-72 (10th Cir. 2001) (noting the problems raised by ghostwriting by a licensed attorney under both the Federal Rules of Civil Procedure and the Model Rules of Professional Conduct and in light of the more generous review accorded pro se pleadings).

The Court further notifies plaintiff that, upon review of his complaint, it has identified two problems. First, the complaint appears to state no claims against defendants Woodland View Congregation of Jehovah's Witnesses, Harry Fennell, Marcus Hauge, and Bill Cooper. It focuses,

instead, on the enforcement of trespassing statutes against him by the municipal defendants. Second, in view of the prohibition against civil court review of internal church disputes involving matters of faith, doctrine, church governance, and polity, See Kedroff v. St. Nicholas Cathedral, 344 U.S. 94 (1952); Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 655 (10th Cir. 2002), plaintiff's allegations regarding the actions of the church defendants may be outside of the Court's purview.

**IT IS THEREFORE ORDERED** that plaintiff has twenty (20) days to inform the Court whether he has formal legal training or received assistance in the writing of his pleadings in this matter and, if so, to describe in detail from whom and the nature of that assistance.

**IT IS FURTHER ORDERED** that plaintiff has twenty (20) days in which to either (1) dismiss defendants Woodland View Congregation of Jehovah's Witnesses, Harry Fennell, Marcus Hauge, and Bill Cooper or (2) file an amended complaint, which includes cognizable claims against those defendants.

**DATED** this 25th day of March, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT